IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARVIN BANKS, <br><br> Petitioner, <br><br> v. <br><br> WARDEN OF SCI-BENNER, et al., <br><br> Respondents. | CIVIL ACTION <br> NO. 22-602 |

**OPINION**

**Slomsky, J.**                                                                                                            February 28, 2024

## I.    INTRODUCTION

Before the Court is a pro se Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition") (Doc. No. 1) filed by Petitioner Marvin Banks ("Petitioner"), a state prisoner incarcerated at the Pennsylvania State Correctional Institution-Benner Township ("SCI Benner") located in Centre County, Pennsylvania. (See Doc. No. 23 at 1.) Petitioner contends that the Upland Borough Police violated the Fourth Amendment to the United States Constitution by arresting him using a search warrant rather than an arrest warrant. (See Doc. No. 1 at 6.) On August 14, 2023, United States Magistrate Judge Pamela A. Carlos issued a Report and Recommendation ("R&R"), recommending that the Habeas Petition be denied and a certificate of appealability not be issued. (See id. at 10.) On August 19, 2023, Petitioner filed Objections to the R&R ("Objections"). (Doc. No. 24.)[1] For the reasons discussed infra, the Court will approve and

---

[1] On December 16, 2022, Cheryl J. Sturm, Esquire, entered her appearance on behalf of Petitioner. (Doc. No. 19.)

adopt the R&R (Doc. No. 23), deny the Petition (Doc. No. 1), and not issue a certificate of appealability.[2]

## II.  BACKGROUND

### A.  Procedural History

In the R&R, United States Magistrate Judge Pamela A. Carlos summarized the procedural history of this case as follows:

> On October 6, 2017, Mr. Banks pled guilty to two charges of robbery and persons not to possess a firearm. The trial judge sentenced Mr. Banks to ten to twenty years' incarceration for the robbery followed by ten years of state supervised probation for persons not to possess a firearm. Mr. Banks filed no post-sentence motions nor a direct appeal. On or about April 30, 2021, in response to his effort to obtain discovery in his case, Mr. Banks received a letter from Magisterial District Court 32-2-39 stating "[t]here were no warrants issued on either one of these cases out of this court. You must have been arrested during the incidents." Based on this letter, on July 27, 2021, Mr. Banks petitioned pro se for post-conviction collateral relief ("PCRA").
>
> In his form pro se PCRA [P]etition, Mr. Banks checked four boxes claiming why he was eligible for relief: three boxes claiming various due process and fair trial violations resulting in an unreliable adjudication process, and one box claiming he received ineffective assistance of counsel rendering his adjudication unfair. But in argument, Mr. Banks only raises facts and issues related to a claimed Fourth Amendment violation – the Upland Borough police possessed only a search warrant and lacked an arrest warrant, rendering his arrest unlawful. Other than the one checked box, Mr. Banks made no further mention of alleged ineffective assistance of counsel.
>
> On August 2, 2021, Mr. Banks received appointed PCRA counsel, but on December 1, 2021, the appointee filed a letter of no-merit with regard Mr. Banks' claim and moved to withdraw his appearance. On December 15, 2021, the PCRA court issued a Twenty Day Notice of Intent to Dismiss PCRA Petition Without a Hearing and Mr. Banks did not respond. On February 14, 2022, the PCRA court dismissed Mr. Banks' PCRA [P]etition without a hearing, stating there were "no issues concerning any material fact, and [Mr. Banks was] not entitled to such PCRA remedy, as well

---

[2]  For the purposes of this Opinion, the Court has considered Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1), Respondents' Response to the Petition (Doc. No. 18), Petitioner's Traverse to Respondents' Response (Doc. No. 22), the Report and Recommendation (Doc. No. 23), Petitioner's Objections to the Report and Recommendation (Doc. No. 24), and the relevant state court record.

as that no reasoned purpose would be served by any further proceeding." The PCRA court issued no memorandum opinion supporting its ruling. Mr. Banks did not appeal this dismissal to the Superior Court of Pennsylvania.

(Doc. No. 23 at 3-4.)

On December 29, 2021, Petitioner filed the instant pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Habeas Petition") in the Eastern District of Pennsylvania, which raised a single argument—that the Upland Borough Police violated the Fourth Amendment to the United States Constitution by arresting him with a search warrant rather than an arrest warrant. (Doc. No. 1 at 6.)  On November 28, 2022, Respondents filed a Response to the Petition.  (Doc. No. 18.) On February 15, 2023, Petitioner filed a counseled Response in Support of his Petition.[3] (Doc. No. 22.)

On August 14, 2023, Magistrate Judge Pamela A. Carlos issued a R&R, recommending that the Petition be denied and dismissed.  (See Doc. No. 23 at 10.) On August 19, 2023, Petitioner filed counseled Objections to the R&R (the "Objections") (Doc. No. 24), which are now before this Court for review.

### B. The Report and Recommendation of Magistrate Judge Pamela A. Carlos

On July 22, 2022, Petitioner's § 2254 Habeas Petition was referred to Magistrate Judge Pamela A. Carlos for a Report and Recommendation.  (Doc. No. 10.)  As noted, on August 14, 2023, Magistrate Judge Carlos issued a R&R in which she recommended that Petitioner's pro se Petition for Habeas Corpus (Doc. No. 1) be denied.  (Doc. No. 23 at 1.)  As the R&R states, "[Petitioner's] claim is now time-barred and he does not establish an exception to save his [P]etition."  (Id. at 8.)

---

[3] Defendant titled this Response: "Traverse to Respondents' Response."  (Doc. No. 22.)

3

1. <u>The Magistrate Judge Concluded that Petitioner's Claim is Unexhausted because it did not Reach the Pennsylvania Superior Court</u>

First, the Magistrate Judge in the R&R found that Petitioner's habeas claim is unexhausted. (<u>See</u> <u>id.</u> at 7-8.) Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") which governs federal habeas review of state court judgments, "federal courts may exercise the power to consider habeas applications only where 'it appears that the applicant has exhausted the remedies available in the courts of the State.'" <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir. 1999) (quoting 28 U.S.C. § 2254(b)). The exhaustion requirement exists to provide the state courts "the first opportunity to adjudicate constitutional challenges to state convictions." <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991). This means that a petitioner must provide "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." 28 U.S.C § 2254(b). In Pennsylvania, the established appellate review process "requires the claim to have been presented at least to the Pennsylvania Superior Court." <u>See</u> <u>Morales v. Wetzel</u>, 13-3459, 2023 WL 3765548, at *2 (E.D. Pa. May 5, 2023) (citing <u>Lambert v. Blackwell</u>, 387 F.3d 210, 233-34 (3d Cir. 2004)). Here, the Magistrate Judge found that Petitioner had not exhausted all administrative remedies, including (1) a direct appeal to the Pennsylvania Superior Court and (2) an appeal of the denial of his Pennsylvania Post Conviction Relief Act ("PCRA") Petition to the Pennsylvania Superior Court. (<u>See</u> Doc. No. 23 at 7-8.) Because Petitioner's claim did not reach the Superior Court, the Magistrate Judge concluded that it was unexhausted. (<u>See</u> <u>id.</u>)

2. <u>The Magistrate Judge Concluded that Petitioner's Claim is Procedurally Defaulted</u>

Second, the Magistrate Judge in the R&R determined that Petitioner's habeas claim was procedurally defaulted. (<u>Id.</u> at 8.) As noted by the Magistrate Judge, "a habeas claim is . . . considered procedurally defaulted when a state court relies on or would rely on 'a state law ground

4

that is independent of the federal question and adequate to support the judgment.'" (Id. at 6) (citing Beard v. Kindler, 668 U.S. 53, 53 (2009)). The Third Circuit has held that the Pennsylvania Post Conviction Relief Act's ("PCRA") one year statute of limitations is one such "independent and adequate" state law ground upon which habeas relief may be denied. See Whitney v. Horn, 280 F.3d 240, 251 (3d Cir. 2002). As noted by the Magistrate Judge:

> Pennsylvania's Post Conviction Relief Act ("PCRA") requires a petitioner to apply for collateral relief within one year from the date his or her judgment becomes final. Judgment becomes final at the conclusion of the direct appeal . . . or when the time for seeking such review expires.

(Doc. No. 23 at 7) (citing Commonwealth v. Brooks, 875 A.2d 1141, 1148 (Pa. Super. Ct. 2005)).

The Magistrate Judge explained that Petitioner's claim was procedurally defaulted because it was time-barred in violation of the one-year statute of limitations under the Pennsylvania PCRA. (See Doc. No. 23 at 7.) Following his sentencing on October 6, 2017, Petitioner had thirty days to directly appeal his judgment of sentence. (See id.) On November 6, 2017, this thirty-day (30) deadline expired. (See id.) Petitioner did not file a direct appeal in this time frame, so the Magistrate Judge noted that his judgment became final on November 6, 2017. (See id.) Importantly, the Magistrate Judge stated that Petitioner's deadline to seek PCRA relief expired one year later, on November 6, 2018. (See id.) Petitioner did not seek PCRA relief until July 27, 2021, well past the one-year statute of limitations under the PCRA. (See id.) His PCRA Petition was dismissed on February 14, 2022. (See id.) Petitioner had thirty days to appeal the dismissal. (See id.) The thirty (30) days ran to March 14, 2022. (See id.) Petitioner did not appeal the dismissal of his PCRA Petition. (See id.) Therefore, the Magistrate Judge concluded that Petitioner's claim is procedurally defaulted because it was time-barred due to the violation of the one-year statute of limitations under the PCRA. (See id.)

### 3. The Magistrate Judge Concluded that no Exception Applies to Save the Petition from Default

Finally, the Magistrate Judge concluded that Petitioner had not demonstrated that an exception applied to excuse his procedurally defaulted claim. (See id.) Because the Magistrate Judge concluded that Petitioner's claim was procedurally defaulted, she noted that he must show that he was entitled to an exception under Coleman by demonstrating either (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." (Id.) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). Under the first prong of the exception, "cause" is demonstrated by "some objective factor external to the defense [that] impeded counsel's efforts to comply with the state's procedural rule." (Id. at 8-9) (citing Coleman, 501 U.S. at 750). Under the second prong to the exception, a "fundamental miscarriage of justice" is demonstrated by a showing of actual innocence, which means "factual innocence, not mere legal insufficiency." (Id. at 9) (citing Schlup v. Delo, 513 U.S. 298, 324-26 (1995)). And a petitioner may support a showing of "actual innocence" through his "allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." (Id.) (citing Schlup, 513 U.S. at 324).

The Magistrate Judge in the R&R found that Petitioner did not establish an exception based in either "cause and prejudice" or a "fundamental miscarriage of justice" that would overcome the procedural default. (See id.) First, the Magistrate Judge concluded that Petitioner did not establish an exception based on any fundamental miscarriage of justice based on actual innocence. (See id.) To show a miscarriage of justice, Petitioner argued that information contained in the letter dated April 30, 2021 is new reliable evidence showing that no [arrest] warrant was issued in his case. (See id.) Consequently, Petitioner argued that he was deprived of a "fair chance" prior to his guilty

6

plea because he avers that he did not know that no warrants were issued.  (See id.)  The Magistrate Judge concluded that this argument was insufficient to prove an exception based on a "fundamental miscarriage of justice" because "the information stated in the April 30, 2021 letter was available prior to [Petitioner's] guilty plea and does not serve as new reliable evidence."  (Id.)  Further, the R&R asserts that "actual innocence" means "factual innocence, not mere legal insufficiency," and that "absence of a valid arrest warrant would disprove neither his [confession] nor his guilt."  (Id.)

Second, the Magistrate Judge concluded that "[Petitioner] fail[ed] to establish the cause and prejudice exception" because he "makes no allegation of an external factor which impeded his ability to comply with the PCRA statute of limitations, nor does he provide any evidence which could support such a finding."  (Id. at 10.)  Thus, the Magistrate Judge concluded that Petitioner had not established an exception to the procedural default of his claim in state court.  (See id.)

  **C.** **Petitioner's Objections to the Report and Recommendation**

On August 19, 2023, Petitioner filed Objections to the R&R.  (Doc. No. 24.)  Petitioner raises several arguments in response to the findings and conclusions of the Magistrate Judge in the R&R.

First, Petitioner objects to the factual findings in the R&R.  (See id. at 1.)  Petitioner states that "on October 21, 2016, [he] filed a motion to suppress a firearm seized from a residence without a search warrant . . . [he] claimed he did not own the residence and he did not own a gun."  (Id. at 2.)  Moreover, Petitioner adds that "[o]n March 7, 2017, [he] filed a pro se motion for change of appointed counsel because '[t]his counsel wouldn't listen to me and wouldn't come talk to me so I could go over my case with her.'"  (Id.)  Further, Petitioner states that "[o]n March 13, 2017, [he] filed a pro se motion to suppress the statements of witnesses, the Petitioner's statements, and the

firearm." (Id.) Petitioner claims that Magistrate Judge Carlos' Report and Recommendation did not mention any of these motions. (Id.)

Second, Petitioner asserts that his Petition is not procedurally defaulted. (See id. at 5.) He claims that his Petition "presents new evidence of police perjury," which "undermines the prosecution's case and proves the Petitioner is actually innocent." (Id. at 5-6.) Petitioner states that he properly raised his claims in his PCRA Petition, but "the claims were misunderstood and rejected without a hearing." (Id. at 6.) Further Petitioner contends that despite being "served with a 907 notice of intent[4] to dismiss the PCRA Petition . . . [he] did not know how to respond to the 907 notice." (Id.) Thus, Petitioner submits that he "is required to present the claims but he is not required to make sure the state court system decides the claims in order to exhaust the claims." (Id.) (citing Dye v. Hofbauer, 546 U.S. 1, 3 (2005)).

Third, Petitioner contends that the Magistrate Judge "misinterpreted the issues raised by pro se Petitioner." (See id. at 7.) He asserts that his "claim is grounded [in] police misconduct" and that "he was arrested without an arrest warrant," "the place where he was staying was searched without a search warrant," and "trial counsel was ineffective for advising him to plead guilty instead of investigating his claims and filing suppression motions." (Id.) Petitioner further claims that these issues were ignored by the state court. (Id.) Finally, Petitioner contends that these circumstances "led to a coerced guilty plea." (Id. at 8.)

Fourth, Petitioner asserts that he falls under an exception to a procedural default of his claims. (See id. at 10-11.) Petitioner contends that an exception applies to his time-barred claim under 42 Pa.C.S.A. § 9543(b)(1)(i) or (ii). (See id.) First, Petitioner argues that "the failure to

---

[4] A 907 Notice of Intent is issued pursuant to Pennsylvania Rule of Criminal Procedure 907 which provides a defendant with notice of the intent to dismiss all claims without a hearing. See Pa.R.Crim.P. 907(4).

8

raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." (Id.) (citing 42 Pa.C.S.A. § 9543(b)(1)(i)).  Second, Petitioner argues that "the facts upon which the claim is predicated were unknown to the Petitioner and could not have been ascertained by the exercise of due diligence." (Id.) (citing 42 Pa.C.S.A. § 9543(b)(1)(ii)).

For reasons discussed infra, Petitioner's Objections will be overruled and the R&R will be approved and adopted.  No evidentiary hearing is required.  Accordingly, Petitioner's § 2254 Petition will be denied.

## III.  STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(B) and the local rules of this Court, a district judge is permitted to designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief.  Any party may file objections in response to the magistrate judge's report and recommendation.  See § 636(b)(1)(C).  Whether or not an objection is made, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  "The [district] judge may also receive further evidence to recommit the matter to the magistrate judge with further instructions." Id.  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); see also § 636(b).

In the Eastern District of Pennsylvania, Local Rule 72.1.IV(b) governs a petitioner's objections to a magistrate judge's report and recommendation. Under the rule, a petitioner must "specifically identify the portions of the proposed findings, recommendations or report to which

9

objection is made and the basis for such objections." Savior v. Superintendent of Huntingdon SCI, No. 11-5639, 2012 WL 4206566, at *1 (E.D. Pa. Sept. 20, 2012). Upon review, "[a district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C).

De novo review is non-deferential and generally permits the district court to conduct anew an "independent review" of the entire matter. Salve Regina College v. Russell, 499 U.S. 225, 238 (1991). "Although [the] review is de novo, [a district judge] [is] permitted, by statute, to rely upon the magistrate judge's proposed findings and recommendations to the extent [the judge], in the exercise of sound discretion, deem[s] proper." Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993) (citing United States v. Raddatz, 477 U.S. 667, 676 (1980)).

**IV.    ANALYSIS**

Petitioner contends that the Upland Borough Police violated the Fourth Amendment of the Constitution by arresting him using a search warrant rather than an arrest warrant. (See Doc. No. 1 at 6.) In her Report and Recommendation, Magistrate Judge Carlos recommended the Petition be denied, finding that the instant claim was procedurally defaulted and no exception overcame the procedural default. (See Doc. No. 23 at 8-10.)

In Petitioner's Objections to the R&R, he contends that the Magistrate Judge's resolution of his claim is inappropriate. (See Doc. No. 24.) However, his objections merely restate the arguments raised in his Response in Support of the Petition. (Doc. No. 22.) And objections which "merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review." Morgan v. Astrue, No. 08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (citing Edmond v. Collins, 8 F.3d 290, 293 n.7 (5th Cir. 1993)) (collecting cases). In any event, the Court will address Petitioner's objections in turn.

### A. Petitioner's Objections to the Factual Findings of the Report and Recommendation are Insufficient

Petitioner objects to the factual findings in the R&R. (See Doc. No. 24 at 1.) First, Petitioner "denies that he committed a robbery at the Family Dollar Store . . ." (Id.) In addition, Petitioner denies the facts in the Magistrate Judge's Report and Recommendation regarding the factual summary of the robberies, the subsequent police investigation, and arrest. (Id. at 1-3.) Here, on October 6, 2017, Petitioner pled guilty to two charges of robbery and persons not to possess a firearm. (See Doc. No. 23 at 3.) Petitioner also confessed to committing the Dollar Store Robbery. (See id.) Thus, this objection to the Report and Recommendation is insufficient to result in a certificate of appealability.

Second, Petitioner objects to the Report and Recommendation's failure to refer to Petitioner's Motions to Suppress and Motion for Change of Appointed Counsel. (Doc. No. 24 at 1-6.) However, these Motions are not relevant to the determination of 1) the exhaustion requirement, 2) the procedural default, or 3) the application of an exception to a procedural default. Thus, the fact that the R&R did not mention these motions, such as a motion for change of counsel or motion to suppress, is insufficient to support the issuance of a certificate of appealability. Therefore, this argument is unavailing.

### B. Petitioner's Objections are Unexhausted and Procedurally Defaulted

Petitioner contends that he "exhausted his claims as best he could" since "Pennsylvania courts [do not provide] a legitimate corrective process." (Doc. No. 24 at 7.) He states that "he is not required to make sure the state court system decides the claims in order to exhaust the claims." (Id.) Petitioner claims that he raised the following federal issues in state court: (1) an arrest with a [search] warrant, (2) a search absent a search warrant, and (3) ineffective assistance of counsel at trial. (Id.) Petitioner argues that the state court ignored these issues. (Id.) Petitioner relies on

11

Dye v. Hofbauer, where the United States Supreme Court held that the habeas petitioner satisfied the exhaustion requirement by raising the federal issues to the state appellate court, even when the state court did not address the federal issues. 546 U.S. 1, 3 (2005).

1. Petitioner's Claims are Unexhausted

First, Petitioner's claim is unexhausted. Claims for relief in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 can only be granted if a petitioner "has exhausted the remedies available in the courts of the State[.]" § 2254(b)(1)(A). A petitioner properly exhausts state court remedies by giving state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Pennsylvania, one complete round of the established appellate review process "requires the claim to have been presented at least to the Pennsylvania Superior Court." Morales v. Wetzel, No. 13-3459, 2023 WL 3765548, at *2 (E.D. Pa. May 5, 2023) (citing Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004)). This ensures that federal courts do not "overturn[] a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." Boerckel, 526 U.S. at 845 (citations omitted).

Here, Petitioner did not exhaust his state court remedies because he did not appeal both his initial conviction pursuant to his guilty plea and the dismissal of his Post-Conviction Hearing Act Petition to the Pennsylvania Superior Court. On October 6, 2017, Petitioner entered into a guilty plea and was sentenced to ten (10) to twenty (20) years imprisonment followed by ten years' probation. (Doc. No. 22 at 1.) Petitioner had thirty (30) days to appeal his judgment. (Id.) He did not file an appeal, so his judgment became final on November 6, 2017. (Doc No. 23 at 8.) One year later, on November 6, 2018, Petitioner's deadline to petition for PCRA relief expired.

12

(See id.)  Following the expiration of this deadline, Petitioner filed for PCRA relief on July 27, 2021. (See id.)  On February 14, 2022, the PCRA Court dismissed his Petition, and he was afforded thirty (30) days to appeal this dismissal to the Superior Court of Pennsylvania.  (See id.)  Again, Petitioner did not do so.  (See id.)

Additionally, Petitioner's reliance on Dye is inapposite.  In Dye, the United States Supreme Court held that Petitioner successfully raised in the state appellate court his federal claim and exhausted his state court remedies, despite the fact that the state appellate court decided to ignore the petitioner's federal claim.  546 U.S. 1, 3 2005.  Here, Petitioner's circumstances are completely different than the case in Dye.  A state appellate court did not ignore Petitioner's federal claims as in Dye because Petitioner failed to file a direct appeal of his conviction or appeal the dismissal of his PCRA claim to the Pennsylvania Superior Court.  Therefore, Petitioner's claim is unexhausted because it did not reach the Pennsylvania Superior Court.

2. Petitioner's Claim is Procedurally Defaulted

The Magistrate Judge correctly determined that the Petitioner's claim is procedurally defaulted.  As discussed supra, "a habeas claim is . . . considered procedurally defaulted when a state court relies on or would rely on 'a state law ground that is independent of the federal question and adequate to support the judgment.'"  Beard, 668 U.S. at 53.  And the Third Circuit has held that the PCRA's one-year statute of limitations is an "independent and adequate" state law ground upon which habeas relief may be denied.  See Whitney, 280 F.3d at 251.

Here, Petitioner's claim is procedurally defaulted because the PCRA state court relied on an "independent and adequate" state law ground when dismissing Petitioner's PCRA Petition:  the one-year statute of limitations under the PCRA had expired.  On October 6, 2017, Petitioner pled guilty and was sentenced.  (See Doc. No. 23 at 8.)  On November 6, 2017, Petitioner's judgment

became final because he did not file a direct appeal. (See id.) Following this final judgment, Petitioner had one year to petition for PCRA relief. See Whitney, 280 F.3d at 251. Petitioner did not do so. The one-year statute of limitations under the PCRA elapsed on November 6, 2018. Nearly three years later, on July 27, 2021, Petitioner filed his PCRA Petition. On February 14, 2022, the PCRA court dismissed his Petition. Again, Petitioner had thirty (30) days to appeal the dismissal of his PCRA Petition, and he did not do so. Thus, as correctly noted by the Magistrate Judge, Petitioner's claim is procedurally defaulted due to the violation of the one-year statute of limitations under the PCRA. (Id.)

### C. Petitioner has not Demonstrated that Any Exception Applies to Save his Claim from Procedural Default

Next, in his Objections to the R&R, Petitioner argues that the second prong of the Coleman exception applies to save his procedurally defaulted Habeas Petition. (Doc. No. 24 at 8.) Specifically, Petitioner contends that the April 30, 2021 letter serves as new evidence that proves his actual innocence and failure to review his claim would result in a "miscarriage of justice." (Id.) He contends that his claim falls under an exception to procedural default because it is "based on new information suppressed by the state." (Id.)

Because Petitioner's claim is procedurally defaulted, he must demonstrate an exception to the procedural default of his Petition. Magistrate Judge Carlos set forth the standard for overcoming a procedural default in her Report and Recommendation, which is discussed supra:

> To overcome a procedural default, a petitioner must demonstrate 'cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.' Coleman, 501 U.S. at 750. Cause is established by 'some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule.' Id. A fundamental miscarriage of justice is typically established by a showing of actual innocence. Schlup, 513 U.S. at 324-26. 'Actual innocence means "factual innocence, not mere legal insufficiency."' Sweger v. Chesney, 294 F.3d 506, 523 (3d Cir. 2002) (citing Bousely v. United

14

States, 523 U.S. 614, 623 (1998)). A petitioner shows actual innocence by supporting 'his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.' Kellam v. Smith, No. 19-4271 2022 WL 10264447, at *4 (E.D. Pa. July 18, 2022) (citing Schlup, 513 U.S. at 324).

(Doc. No. 23 at 8-9.)

Here, Petitioner has not demonstrated that an exception exists to overcome the procedural default. First, Petitioner has not demonstrated "cause for the default" under the first prong set forth in Coleman. Petitioner has not set forth an external factor which prevented him from complying with the one-year PCRA statute of limitations. Second, Petitioner has not demonstrated through a showing of actual, factual innocence that failure to consider the claim will result in a fundamental miscarriage of justice. See Coleman, 501 U.S. at 750; see also Schlup, 513 U.S. at 324-26. The April 30, 2021 letter stating that no warrants were issued in his case is not "new reliable evidence . . . not presented at trial" which would support an exception to a procedural default. Schlup, 513 U.S. at 324. The information in the letter was available before Petitioner pled guilty to two counts of robbery and one count of persons not to possess a firearm. (See Doc. No. 18 at 1.) The mere fact that Petitioner did not have knowledge of this information before he pled guilty does not establish actual innocence. In addition, Petitioner confessed to the police that he committed the robberies at issue, and the presence or absence of a valid [arrest] warrant cannot overcome his confession. Thus, a failure to consider these claims would not result in a "fundamental miscarriage of justice." For all these reasons, Petitioner's Objections will be overruled.

V. **CONCLUSION**

For the foregoing reasons, the Court will approve and adopt Magistrate Judge Carlos' Report and Recommendation (Doc. No. 23) and will deny Petitioner's § 2254 Petition for a Writ

of Habeas Corpus (Doc. No. 1.)  No certificate of appealability shall issue. An appropriate Order follows.